**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES *ex rel*. ) <br> ) <br> HEATHCOTE HOLDINGS CORP, INC., ) <br> An Illinois Corporation, Relator ) <br> ) <br>       Plaintiffs ) <br> ) <br>   v. ) <br> ) <br> THE CLOROX COMPANY, ) <br> THE BRITA PRODUCTS COMPANY ) <br> ) <br>       Defendants. ) | Case No. <br><br> JURY DEMANDED |

**COMPLAINT FOR FALSE PATENT MARKING**

Relator, HEATHCOTE HOLDINGS CORP., INC., (hereinafter referred to as "Heathcote"), for its Complaint against Defendants THE CLOROX COMPANY ("Clorox") and THE BRITA PRODUCTS COMPANY ("Brita"), alleges as follows:

**Nature of the Case**

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. Clorox and/or Brita violated 35 U.S.C. § 292(a), by marking products with expired patents, with the intent to deceive competitors and the public.

3. Defendants market and sell leading point-of-use water filtration products under the brand name Brita®, including but not necessarily limited to the following products: BRITA® ULTRAMAX STANDARD MODEL; BRITA® CHROME MODEL; BRITA® SPACE SAVER MODEL; BRITA® MODELE GRAND MODEL; BRITA® MODELE

GRAND MODEL; BRITA® PITCHER REPLACEMENT FILTER (collectively, the "Brita® Products").

4. Defendants mark the Brita® Products with United States Patent Number 4,969,996 ("the '996 Patent") even though the '996 Patent is expired, and has been expired since January 28, 2008. Defendants mark the Brita® Products with the expired '996 Patent with the intent to deceive the public and to gain a competitive advantage in the market.

5. Heathcote seeks an award of monetary damages against defendants, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## COUNT I: False Marking, Patent '996

6. Heathcote incorporates paragraphs 1-5 as if fully set forth herein.

7. Heathcote is an Illinois corporation with its principal place of business at 711 Custer Ave., Evanston, Illinois, 60202.

8. Clorox is a Delaware company, with its principal place of business located in Oakland, California.

9. Brita is Delaware company with its principal place of business located in Oakland, California. Brita is owned by Clorox, and Clorox manufactures the Brita® Products.

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because the products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

12. Heathcote brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

13. The '996 patent claims priority to a German patent filed March 26, 1988, and it is based on a patent application filed February 28, 1989. The '996 Patent expired January 28, 2008. A true and accurate copy of the '996 Patent is attached hereto as Exhibit A.

14. Defendants sell and marketed for sale to the public the Brita® Products marked with the '996 Patent.

15. Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Brita® Products with the '996 Patent, and any and all other products marked with the '996 Patent, subsequent to the date the patent expired with the intent to deceive the public.

16. Defendants cannot genuinely believe that the patent applies even after it expired.

17. Each false marking on the products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

18. Defendants' false marking of products with the '996 Patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

19. Defendants wrongfully and illegally advertised a patent monopoly which they does not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against DEFENDANTS and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.   Order DEFENDANTS to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.   Grant HEATHCOTE such other and further relief as it may deem just and equitable.

Respectfully Submitted,

*HEATHCOTE HOLDINGS CORP., INC.*

By: /s Matthew S. Miller

Matthew S. Miller
LAW OFFICES OF MATTHEW S. MILLER, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 251-6066

Richard J. Prendergast
Michael T. Layden
RICHARD J. PRENDERGAST, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 641-0881